Ruffin, Judge.
 

 The question arises on the construction of the act of 1816,
 
 (Tien. c.
 
 925,) and I think there cannot be a doubt as to the meaning of the act. It does not change the rate of interest by reason of any stipulation as to the rate, expressly introduced into the contract, so as to attach to it through all time and in all hands. But it only provides that all
 
 guardians
 
 may recover compound interest, on bonds pay able to them in that'capacity. Why? Because they are generally liable for such interest — when that liability ceases, that is, when the wardship is at an end, the interest returns to the ordinary legal standard, because it is then a common debt, and not one
 
 *431
 
 which the guardian is compelled to make, iri the discharge of his duty to keep money out. As long as the money is the property of a ward, compound interest accrues, and no longer; for then the lato ward; , or late guardian may get it in. This was said before in the caso of
 
 Hooks
 
 v.
 
 Selers,
 
 at December term, 1829, and substantially held in
 
 Ryan
 
 v. Blount. (1
 
 Eq. Rep.
 
 382.)
 

 Per Curiam. — Judgment appirmed.